# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PRESSLEY, | : | CRIMINAL NO. |
|    Movant, | : | 1:10-CR-0261-RWS-JSA-1 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2949-RWS-JSA |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Christopher Pressley, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 22]. Movant seeks to challenge the constitutionality of his 204-month sentence which was imposed on September 27, 2010, following a guilty plea in this Court on June 10, 2010. [Docs. 2, 15, 27]. Presently before the Court for consideration are:[1] (1) Movant's § 2255 motion to vacate [Doc. 22];(2) the United

---

[1] Prior to serving as a U.S. Magistrate Judge, the undersigned served as an Assistant U.S. Attorney ("USAO") in the same office that prosecuted Movant, from approximately 2004 through June 1, 2012. The undersigned served as deputy chief of the economic crime section of the USAO for some of that period. The undersigned recalls no personal or supervisory involvement over defendant's case.

Although no request for recusal has been made, the undersigned will briefly explain why he has not recused *sua sponte*. Title 18 U.S.C. § 455(b)(3) requires a judge who previously served in government to recuse only if the judge actually participated in the case. *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995). In other words, "a judge is not subject to mandatory disqualification based on the mere fact that another lawyer in his prior government office served as an attorney on the matter." *United States v. Champlin*, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005).

States of America's (hereinafter "Government") response to the motion to vacate [Doc. 30]; and (3) Movant's answer to the Government's response [Doc. 32].[2]

I. Background

On June 10, 2010, a criminal information with a forfeiture provision was filed against Movant, charging him with knowingly persuading, inducing, enticing and coercing a minor to engage in sexual activity, in violation of 18 U.S.C. §§ 2422(b) and 2. [Doc. 1].[3] That same day, Movant pleaded guilty to the information pursuant

---

Several courts have held that "an Assistant United States Attorney is only disqualified from cases on which he or she actually participated." *Id.* (citing *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); *Mangum*, 67 F.3d at 83 (same); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) (same). "[T]he same rule applies to former supervisors in the United States Attorney's office; § 455(b)(3) requires recusal only when the supervisor actually participated in a case." *Champlin*, 388 F. Supp. 2d at 1181; *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988). As the undersigned was uninvolved in this case and otherwise perceives no ground for recusal, the Court does not *sua sponte* find that recusal is warranted.

[2]Movant's motion for additional time to file an answer to the Government's response [Doc. 31] is **GRANTED** *nunc pro tunc*, and his answer shall be deemed properly filed.

[3]Movant had previously been indicted in this Court under case number 1:09-CR-224-RWS-CCH-1 for knowingly recruiting, enticing, harboring, transporting, providing, and obtaining a minor, knowing that the minor would be caused to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a), (b)(2), and 2. That case was dismissed pursuant to the negotiated plea of guilty to the criminal information in this case.

2

to a negotiated plea agreement, which contained a limited waiver of his rights to appeal and collaterally attack his sentence. [Doc. 2-1 at 12].

On September 27, 2010, the Court sentenced Movant on the sole count in the information to 204 months of imprisonment, to be followed by five years of supervised release. [Docs. 14, 15, and 27]. Movant did not appeal his conviction and sentence.

On September 1, 2011, Movant timely filed the instant § 2255 motion to vacate, claiming that he "did not enter into the plea agreement knowingly or intelligently due to ineffective assistance of counsel." [Doc. 22 at 5]. Specifically, Movant raises the following grounds for relief:

1. counsel was ineffective for failing to "investigate defense possibilities;"

2. there was an alleged "breakdown in communication between attorney and client;" and

3. counsel was ineffective for failing "to inform Defendant that under Rule 11, an agreement between the Defense, Prosecution and Court was available that would have specified a sentence that could not have been deviated from which deprived the Defendant of vital information needed in order to enter into the agreement knowingly and intelligently."

[Doc. 22 at 5].

3

II.     Standard of Review

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief. *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). As discussed below,

4

the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

III.   Analysis

   A.  Movant Waived His Right To Collaterally Attack His Sentence.

Movant, under the negotiated plea agreement, waived the right to collaterally attack his sentence. The waiver signed by Movant states:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[Doc. 2-1 at 12].

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961 (2002); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). "One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was

5

giving up that right.'" *Bushert*, 997 F.2d at 1350 (quoting *United States v. Rutan*, 956 F.2d 827, 830 (8th Cir. 1992)). The Eleventh Circuit has held that an appeal waiver "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Furthermore, "[a] defendant may not attack the effectiveness of his sentencing counsel where there is a valid sentence appeal waiver in effect that prohibits a direct or collateral challenge on any ground." *United States v. Wilson*, 445 F. App'x 208, 208 (11th Cir. 2011) (citing *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005)).

In the case at bar, Movant acknowledged at the plea hearing that he had signed the plea agreement, that he understood it, and that he had not been forced or threatened to plead guilty. [Doc. 30-1 at 13-14, 39]. In addition, the Court specifically addressed the negotiated appeal waiver with Movant during the Rule 11 plea colloquy as follows:

> THE COURT: Let me talk with you just a minute about your right to have my decisions reviewed by another court. A defendant in a criminal case typically has certain rights to have the decision of this court reviewed by another court. First of all, you have the right to file a direct appeal within ten days of your conviction and the Court of Appeals

6

would review all of the decisions I have made to make sure they are correct under the facts of your case and under the laws of your case.

You also have the right at a later time to file, it is a 2255 petition, but you may have heard it referred to as a petition for writ of habeas corpus. That is a chance to have - - to challenge your conviction and have a court look at it and make sure it was all proper under the law that applies to it.

Now, those are the rights that every defendant has unless he gives them up. You have given them up except for very limited circumstances. The only right you would have to file an appeal would be if I imposed a sentence that was greater than - - that was a higher sentence than the guideline sentence.

Now, let me hasten to add, the mandatory minimum is the guideline sentence if it applies. So, you know, unless I impose a sentence greater than the mandatory minimum if it applies or the guidelines, it is really - - the reality is, whichever is greater unless I impose a sentence higher than that, you don't have a right to appeal.

The only other instance is, if the government were to file an appeal, you would have a right to raise issues on appeal. But aside from those two circumstances, you will be stuck with whatever I do in this case, do you understand that?

MOVANT: Yes, your Honor.

[Doc. 30-1 at 27-28].

The Court also asked Movant's attorney, Averick Walker, if he had talked with Movant about the waiver and if he thought that Movant understood it, and Mr.

7

Walker responded, "Yes." [*Id.* at 28]. Here, it is clear from the record that Movant knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence. Movant specifically acknowledged by signing the plea agreement and a separate certification that he understood that the appeal waiver in the plea agreement would prevent him, with the narrow exceptions stated, from appealing his conviction and sentence or challenging them in any post-conviction proceeding. [Doc. 2-1 at 12, 16-17]. Further, the Court thoroughly explained to Movant during the plea colloquy that he was waiving his right to collaterally attack his sentence except for the two circumstances described in the waiver, and Movant indicated that he understood that he had waived his right. [Doc. 30-1 at 27-28]; *see United States v. Stevenson*, 131 F. App'x 248, 250 (11th Cir. May 12, 2005) (holding that, for a waiver to be valid, "during the plea colloquy, the district court must at least refer to the fact that the defendant is waiving his rights to appeal his sentence under most or certain circumstances"). In addition, the Court specifically found at the plea hearing that Movant's plea was entered voluntarily with full knowledge of the charges and consequences of his guilty plea. [Doc. 30-1 at 39]. Thus, Movant's waiver is valid.

A defendant's knowing and voluntary waiver in a plea agreement generally bars all collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself. *See*

8

*Patel v. United States*, 252 F. App'x 970, 974–75 (11th Cir. 2007) (finding that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel); *Cowart v. United States*, 139 F. App'x 206, 208 (11th Cir.2005). Movant's claims, though general, arguably relate to the negotiation of the plea or waiver. Thus, the undersigned will assume for purposes of this opinion that these claims are not barred by the waiver.

B. <u>Movant's Ineffective Assistance Claims Are Without Merit.</u>

Movant argues that his guilty plea was involuntary because: (1) counsel failed to "investigate defense possibilities;" (2) there was an alleged "breakdown in communication between attorney and client;" and (3) counsel failed "to inform Defendant that under Rule 11, an agreement between the Defense, Prosecution and Court was available that would have specified a sentence that could not have been deviated from which deprived the Defendant of vital information needed in order to enter into the agreement knowingly and intelligently."

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S.

9

52, 57, 59 (1985) (citations omitted). Movant has the burden of affirmatively proving prejudice. *Gilreath v . Head*, 234 F.3d 547, 551 (11th Cir. 2000). Additionally,

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Movant's claims are belied by the record. In the original criminal case, 1:09-CR-224-RWS-CCH-1, Movant had appointed counsel, Brian Mendelsohn, but replaced him with retained counsel, Averick Walker. *United States v. Pressley*, 1:09-CR-224-RWS-CCH-1, at Docs. 4, 31. Movant then filed a *pro se* motion to change attorneys from Mr. Walker back to Mr. Mendelsohn. *Id.* at Doc. 42. At a hearing held on June 2, 2010, approximately one week before the plea colloquy, Movant withdrew this motion, and Mr. Walker continued to represent him at the upcoming plea hearing. The Court issued an order, finding that:

> At the hearing it became apparent that Defendant was not as concerned with Walker's recommendation that he enter a guilty plea as he was with the fact that the Defendant discharged Mendelsohn and hired Walker, paying him $10,000, thinking that Walker could successfully try the case, but after reviewing the files, Walker agreed with Mendelsohn's recommendation. In addition to thinking he was misled by Walker's initial reaction that he could successfully defend the case, Defendant

10

was dissatisifed with Walker because he could not contact him and because Walker missed appointments.

*United States v. Pressley*, 1:09-CR-224-RWS-CCH-1, at Doc. 44. Movant agreed to continue with Mr. Walker as his attorney, but was given the option by the Court of having appointed counsel for the sentencing hearing. *Id.*

At the plea hearing in this case, the Court asked Movant about the quality of the representation of his attorney and if he had any additional questions:

BY THE COURT:

Q. Mr. Pressley, is there anything else that we have talked about that you don't think is clear or that you want to ask me about before I accept your plea?

A. No, Your Honor. I think that pretty much covers it.

Q. Now, you understand once we finish today, this part of it is done. So if you have got any question, ask it now. But after today, it is too late.

A. That is all, Your Honor. Thank You.

Q. Do you feel you have had a sufficient opportunity to talk about your case with Mr. Walker so that he can advise you concerning the entry of this plea before pleading today?

A. Yes, Your Honor.

Q. Are you satisfied with the representation he has given you?

A. Well, we are working on it, Your Honor.

11

> Q. If there is a problem, if there is something you wanted him to do that you think should be done in your defense that hasn't been done, I need to know about it now. Like I said, once we are done today, it is done. If there is something that you think needs to be done on your behalf that has not been done, you need to speak now or forever hold your peace.
>
> A. Well, I am trying. I am hoping, touching on everything that is concerning. One of my biggest disadvantages is I am not familiar with this process. So, I think I have addressed all of the major concerns that I had and I am ready to move forward and take responsibility for what I did.

[Doc. 30-1, Plea Hearing, at 36-37].

The Court found that Movant understood the nature and consequences of his guilty plea, that the guilty plea was made voluntarily, and accepted the guilty plea. [*Id.* at 39].

Mr. Walker continued to represent Movant at the sentencing hearing. The Court gave Movant the opportunity to allocute, and he disagreed with some of the facts as presented by the Government and also protested his guidelines range of 188 to 235 months, arguing that this did not represent his understanding of what sentence he could face. [Doc. 27 at 92-111, 148-150]. However, Movant did not make any allegations against Mr. Walker regarding his representation of Movant. [*Id.* at 148-150]. At the plea hearing, Movant also acknowledged that he had received no promises or representations as to his anticipated sentence other than what was stated

12

in his written plea agreement, and he acknowledged that he knew he could be sentenced all the way back up to the statutory maximum. [Doc. 30-1 at 9-12, 13-14, 26-27].

In Movant's first ground for relief, Movant argues that counsel was ineffective for "failing to investigate defense possibilities." However, Movant fails to identify which available defenses were not investigated by counsel or how the alleged deficiency prejudiced him. The record shows that two separate attorneys reviewed the evidence in Movant's case and determined that a guilty plea was in Movant's best interests. Movant has not shown how either counsel failed in their investigative duties. Moreover, Movant has not shown that, but for counsel's alleged error in failing to investigate defense possibilities, he would not have pleaded guilty and would have insisted on going to trial. Indeed, Movant indicates in his motion that the relief he seeks is "a new plea agreement with competent counsel." [Doc. 22 at 10]. Thus, Movant is not entitled to relief on his first ground.

In Movant's second ground for relief, he contends that his counsel was ineffective and his plea was involuntary because there was an alleged "breakdown in communication between attorney and client." Movant withdrew his motion to change attorneys in his original criminal action, and Mr. Walker continued to represent him at the upcoming plea hearing. Movant fails to specify in his motion how counsel

13

failed to properly communicate the terms of the plea agreement with him. Also, the Court specifically asked Movant at the plea hearing if he was satisfied with his counsel's representation, and he indicated that, "I think I have addressed all of the major concerns that I had and I am ready to move forward and take responsibility for what I did." [Doc. 30-1, Plea Hearing, at 36-37]. "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "Consequently, a defendant bears a heavy burden to show his statements [under oath] were false." *United States v. Ross*, 147 F. App'x 936, 939 (11th Cir. 2005) (internal citation omitted).

Further, Movant was informed that he could obtain new counsel for sentencing, yet Movant chose to continue to have Mr. Walker represent him at sentencing. Movant made no statements during the sentencing hearing indicating that he was unhappy with Mr. Walker's representation. Thus, the record before the Court belies Movant's claim of an alleged "breakdown in communication" between Movant and Mr. Walker. Furthermore, Movant has not shown that, but for this alleged error, he would not have chosen to plead guilty and would have insisted on going to trial. Accordingly, Movant is not entitled to relief on his second ground.

In Movant's third ground for relief, Movant argues that counsel failed "to inform Defendant that under Rule 11, an agreement between the Defense, Prosecution

14

and Court was available that would have specified a sentence that could not have been deviated from which deprived the Defendant of vital information needed in order to enter into the agreement knowingly and intelligently." Federal Rule of Criminal Procedure 11 provides that a plea agreement

> may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1)(C). This type of plea agreement must be agreed to by both the Government and the Court to be binding on the parties. Here, there has been no showing that either the Government or the Court would have entered into such an agreement. Rather, the Government entered into a plea agreement with Movant in which both parties agreed to recommend a within guidelines sentence. [Doc. 2-1 at 11]. Even if Movant were entitled to know about every possible variation of plea agreements that are available, he has not demonstrated how such lack of knowledge prejudiced him or that the Government was prepared to enter into a binding plea agreement. Moreover, Movant has not shown that, but for counsel's alleged failure to advise Movant of this type of binding plea agreement, he would not have pleaded

15

guilty and would have insisted on going to trial. Thus, Movant's third ground for relief is without merit.

IV. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant's waived his right to collaterally attack his sentence, and his ineffective assistance of counsel claims are without merit. Accordingly, **IT IS RECOMMENDED** that a certificate of appealability be **DENIED**.

AO 72A
(Rev.8/82)

V. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that Movant Christopher Pressley's motion to vacate sentence [Doc. 22] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**IT IS SO RECOMMENDED AND ORDERED** this 5th day of April, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)